UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO J. CEDENO ZALDIVAR,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondent. | Case No. EDCV 25-1991 JFW (PVC)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

On July 31, 2025, Gilberto J. Cedeño Zaldivar (Petitioner), a federal detainee proceeding pro se, filed a habeas petition under 28 U.S.C. § 2241. ("Petition," Dkt. No. 1). Petitioner, who is currently incarcerated at the ICE Processing Center in Adelanto, California, contends that the Department of Homeland Security (DHS) is violating his constitutional rights. (*Id.* at 7–8). He names the DHA as Respondent. (*Id.* at 1). However, the Petition must be dismissed with leave to amend because Petitioner did not name the proper respondent.[1]

---

[1] The filing of a petition for writ of habeas corpus is analogous to the filing of a civil complaint. *See Williams v. Coyle*, 167 F.3d 1036, 1038 (6th Cir. 1999). A Magistrate Judge may dismiss a complaint with leave to amend without approval of the District Judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Pursuant to the federal habeas statute, 28 U.S.C. § 2242, which applies to § 2241 petitions, "there is generally only one proper respondent to a given prisoner's habeas petition[, and it is] … 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *see* 28 U.S.C. § 2242 (requiring a federal habeas petitioner to provide "the name of *the* person who has custody over him") (emphasis added). When a habeas petitioner challenges his present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435. Moreover, "jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Accordingly, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447. Here, because Petitioner failed to name his immediate custodian—the FCI Lompoc II warden —as Respondent, this Court lacks jurisdiction over Petitioner's habeas petition. *See Doe v. Garland*, 109 F.4th 1188, 1194–95 (9th Cir. 2024) ("[The petitioner's] failure to name [his immediate custodian as respondent] renders the district court's exercise of jurisdiction erroneous."); *see also id.* at 1199 ("The district court erred in exercising jurisdiction over Doe's core habeas petition because Doe failed to name his immediate custodian as respondent to his petition ….").

If Petitioner wishes to pursue this action, he must file a First Amended Petition within **30 days** from the date of this Order. The First Amended Petition shall name as the Respondent the person having immediate custody over Petitioner, i.e., the warden or de facto warden of the facility where he is detained. Petitioner must identify his immediate custodian by name, not simply by title. Petitioner is also urged to use the § 2241 form approved by the Central District (CV-27), a copy of which is attached. *See* Local Civil Rule 83-16.1 ("A petition for a writ of habeas corpus … shall be submitted on the forms approved and supplied by the Court."); *see also* 28 U.S.C. foll. § 2255, Rule 2(c)

(requiring a federal habeas petition to "substantially follow … a form prescribed by a local district-court rule").  The First Amended Petition shall be complete and shall bear both the designation "First Amended Petition" and the case number assigned to this action, i.e., "CV 24-9364 DDP (PVC)."  The First Amended Petition shall not refer in any manner to the original Petition.  *See generally* 28 U.S.C. foll. § 2255, Rule 2(a) (describing what must be included in a federal habeas petition).

Petitioner is explicitly cautioned that the failure to file timely a First Amended Petition will result in a recommendation that this action be dismissed with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).  If Petitioner no longer wishes to pursue this action, he may use the attached form Notice of Dismissal and voluntarily dismiss this action without prejudice.

IT IS SO ORDERED.

DATE:  October 1, 2025

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

3